Case 1:24-cr-00164-RMB   Document 25   Filed 03/13/24   Page 1 of 9 PageID: 66



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Eric A. Boden*
*Assistant United States Attorney*
*2019R00922/EAB/JG*

*402 East State Street, Room 403*
*Trenton, New Jersey 08608*

*609-989-2190*
*Direct: 609-989-0564*

November 30, 2023

**VIA ELECTRONIC MAIL**

Christopher O'Malley, Esq.
Office of the Federal Public Defender
    for the District of New Jersey
800 Cooper St., Suite No. 350
Camden, NJ 08102

> **Re:   Plea Agreement with MD Hossain Morshed**

Dear Mr. O'Malley:   *CR-24-00164-001(RMB)*

     This letter sets forth the plea agreement between your client, MD Hossain Morshed ("MORSHED"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 8, 2023, if it is not accepted in writing by that date. If MORSHED does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

     Conditioned on the understandings specified below, this Office will accept a guilty plea from MORSHED to an Information, which charges him with, in an election for federal office, knowingly and willfully depriving, defrauding, and attempting to deprive and defraud the residents of the State of New Jersey of a fair and impartially conducted election process by the procurement and submission of fraudulent voter registration applications contrary to the laws of the State of New Jersey, in violation of Title 52, United States Code, Section 20511(2)(A) and Title 18, United States Code, Section 2. If MORSHED enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against MORSHED for procuring and attempting to procure materially false voter registration applications from on or about February 21, 2019 through on or about April 30, 2019, knowingly and willfully making materially false statements to special agents of the FBI on or about December 22, 2021, and knowingly and intentionally devising and carrying out a scheme to fraudulently obtain unemployment benefits from the State of New Jersey

from in or around April 2020 through in or around September 2021.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MORSHED even if the applicable statute of limitations period for those charges expires after MORSHED signs this agreement, and MORSHED agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 52 U.S.C. § 20511(2)(A) to which MORSHED agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the offense may run consecutively to any prison sentence MORSHED is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MORSHED is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence MORSHED ultimately will receive.

Further, in addition to imposing any other penalty on MORSHED, the sentencing judge as part of the sentence:

(1) will order MORSHED to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order MORSHED to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order MORSHED, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     pursuant to 18 U.S.C. § 3583, may require MORSHED to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should MORSHED be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MORSHED may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MORSHED by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MORSHED's activities and relevant conduct with respect to this case, including that, on or about December 22, 2021, MORSHED knowingly and willfully made materially false statements to the FBI, and that between in or around April 2020 and in or around September 2021, MORSHED knowingly and intentionally devised and carried out a scheme to fraudulently obtain unemployment benefits from the State of New Jersey.

## Stipulations

This Office and MORSHED will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the

parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and MORSHED waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Restitution

Pursuant to 18 U.S.C. § 3663A(c)(2), MORSHED agrees that he must pay restitution to any victim of an uncharged offense against property, namely, wire fraud, in violation of 18 U.S.C. § 1343, which gave rise to the instant plea agreement. MORSHED further agrees that an identifiable victim (the State of New Jersey) suffered pecuniary loss as a result of that uncharged offense, and that the Sentencing Court must order that he pay restitution to that victim in an amount that fully compensates the victim for the loss sustained as a result of that offense. Further, MORSHED agrees to pay full restitution to the victim under 18 U.S.C. § 3663(a)(3) and understands that such restitution will be included in the Court's Order of Judgment as follows:

| Victim | Amount |
|---|---|
| State of New Jersey | $39,208 |

Immigration Consequences

MORSHED understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. MORSHED understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MORSHED wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. MORSHED understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, MORSHED waives any right to challenge the guilty plea, sentence, or both based on any immigration consequence. MORSHED also agrees not to seek to

withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MORSHED. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MORSHED from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between MORSHED and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Eric A. Boden*

By: ERIC A. BODEN
Assistant U.S. Attorney
Attorney-in-Charge, Trenton

JAMES H. GRAHAM
Assistant U.S. Attorney

APPROVED:

*Ronnell L. Wilson*
RONNELL L. WILSON
Chief, Special Prosecutions Division

6

I have received this letter from my attorney, Christopher O'Malley, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 12-07-2023
MD HOSSAIN MORSHED


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 12-07-2023
CHRISTOPHER O'MALLEY, ESQ.
Attorney for MD HOSSAIN MORSHED

## **Plea Agreement with MD HOSSAIN MORSHED**

### **Schedule A**

1. This Office and MD HOSSAIN MORSHED ("MORSHED") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the United States Sentencing Guidelines ("U.S.S.G.") effective November 1, 2023 applies in this case.

3. The applicable guideline is U.S.S.G. § 2H2.1. This Guideline carries a base offense level of 12 because the obstruction occurred by forgery, fraud, theft, bribery, deceit, or other means, in connection with affecting the votes and registration of another person. See U.S.S.G. § 2H2.1(a)(2).

4. Specific Offense Characteristic § 3B1.1(c) applies because MORSHED was a manager or supervisor of criminal activity. This Specific Offense Characteristic results in an increase of 2 levels.

5. Because the offense involved the abuse of a position of public trust, an increase of 2 levels is appropriate. See U.S.S.G. § 3B1.3.

6. Because the offense involved the willful obstruction or attempt to obstruct or impede the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to MORSHED's offense of conviction, an increase of 2 levels is appropriate. See U.S.S.G. § 3C1.1.

7. As of the date of this letter, MORSHED has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MORSHED's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, MORSHED has assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-level reduction in MORSHED's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MORSHED enters a plea pursuant to this agreement, (b) this Office in its discretion determines that MORSHED's acceptance of responsibility has continued through the date of sentencing and MORSHED therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MORSHED's offense level under the Guidelines prior to the operation of §

8

3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to MORSHED is 15 (the "Total Offense Level").

10. This Office and MORSHED agree to stipulate that the victim of MORSHED's scheme fraudulently to claim entitlement to unemployment benefits, specifically, the State of New Jersey, sustained a loss in the amount of $39,208.

11. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

12. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, MORSHED will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 18 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).